# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER LEVITAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL,<br>Commissioner of the Social<br>Security Administration,<br><br>　　　　Defendant. | CASE NO. 2:17-CV-06037-CJC (SK)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, all the records herein, the attached Report and Recommendation, and Defendant's Objections. Having completed its de novo review of those portions of the Report and Recommendation to which Defendant has objected, the Court concludes that nothing in the Objections affects or alters the findings and conclusions set forth in the Report and Recommendation.[1]

---

[1] Defendant argues that the Report and Recommendation improperly relied on medical evidence dated after the Plaintiff's date last insured. But these opinions from Plaintiff's treating providers specifically state that they relate back to the relevant period. (AR 386, 512, 580, 600). Defendant further argues that the one-time consultative examiner's opinion constituted substantial evidence to support the ALJ's conclusion that Plaintiff's bipolar disorder was non-severe. But "[t]he very nature of bipolar disorder is that people

The Court concurs with and accepts the findings, conclusions, and recommendations of the U.S. Magistrate Judge.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge is accepted, the decision of the Commissioner of the Social Security Administration is reversed, and the matter is remanded for further administrative action consistent with the findings and conclusions in the Report and Recommendation. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

DATED: February 28, 2019

HON. CORMAC J. CARNEY
U.S. DISTRICT JUDGE

---

with the disease experience fluctuations in their symptoms, so any single notation that a patient is feeling better or has had a 'good day' does not imply that the condition has been treated." *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011).